# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: February 7, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| LINDA PARKER, | * | No. 14-979V |
| | * | Special Master Sanders |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

William E. Cochran, Jr., Black McLaren Jones Ryland & Griffee, PC, Memphis, TN, for Petitioner.
Linda A. Watts, United States Department of Justice, Washington, D.C., for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On October 14, 2014, Linda Parker ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to 34 (2012). Petitioner alleged the influenza ("flu") vaccine that she received on October 19, 2013, caused her to develop rheumatoid arthritis and polyarticular inflammation. Pet. at 1, ECF No. 1. An entitlement hearing was held on August 16-17, 2018 in Washington, DC, and on June 24, 2019, the undersigned issued her Decision denying compensation.

On August 8, 2019, Petitioner filed an application for attorneys' fees and costs. ECF No.

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

85 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $204,340.92 (representing $135,398.80 in fees and $68,942.12 in costs). Fees App. at 1. Pursuant to General Order No. 9, Petitioner warrants that she has not incurred any costs related to the prosecution of her petition. Fees App. Ex. 3. Respondent responded to the motion on August 15, 2019, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2–3 (ECF No. 86). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

### I. Reasonable Attorneys' Fees and Costs

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, the undersigned does not doubt that the petition was filed in good faith, and although the petition was eventually dismissed, the matter necessitated an entitlement hearing and the undersigned finds that there was reasonable basis to file the petition. Respondent has also not challenged the reasonable basis of the petition. Accordingly, a final award of fees is appropriate.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" Saxton, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't*

*of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a. Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, and 2019 can be accessed online.[3]

The undersigned has reviewed the requested rates for various Black McLaren attorneys and staff (the billing records indicate that Mr. William Cochran performed the majority of the attorney work, although two other attorneys and numerous law clerks and paralegals also worked on the case) and finds that the requested rates are mostly consistent with what these attorneys and staff have previously been awarded for their Vaccine Program work. The only exception is for the rate requested for Mr. Michael McLaren in 2018 ($456.00 per hour) and 2019 ($473.00) per hour. These rates are excessive because they exceed the maximum amount awardable per the Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedules for 2018 and 2019. Accordingly, Mr. McLaren has previously been awarded the maximum amount possible for those years, $455.00 per hour in 2018 and $464.00 per hour in 2019. Applying those rates to Mr. McLaren's billed hours in the instant case results in a reduction of **$13.30**.[4]

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521.

Upon review, the undersigned finds the billed hours to be mostly reasonable, but several minor issues consistent throughout the billing records require a small overall reduction. First,

---

[3] The 2015–2016 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.  The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.  The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.  The 2019 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.  The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

[4] 2019: ($473.00 per hour requested - $464.00 per hour awarded) * 0.8 hours billed = $7.20.
2018: ($456.00 per hour requested - $455.00 per hour awarded) * 6.1 hours billed = $6.10.

3

paralegals billed time for doing clerical work, such as receiving and processing invoices for medical records and other firm-incurred costs and for calendaring deadlines (e.g., entries on 8/9/14, 10/9/14, 2/5/18, 9/6/18 among others). Paralegals also occasionally overbilled for *de minimus* tasks, such as reviewing scheduling orders and filing documents. Second, court orders were routinely reviewed by three different people, leading to overbilling (e.g., entries on 8/11/15-8/12/15, 9/8/15-9/9/15, 11/24/15-11/25/15, 3/30/17-3/31/17 among others). In the undersigned's experience, it is not reasonable for two partners and a paralegal to all bill for review of routine court orders as it leads to nearly half an hour of billed time for each filing. Third, some of the time billed by Mr. McLaren and Mr. Webb is vague and/or unnecessary given the progression of the case. For example, on 10/11/15, Mr. McLaren billed 0.2 hours for review of a scheduling order despite the fact that no order was filed within a week of that date. On 11/25/15, he billed for "Seek more time" and "Order on extension of time" without any detail as to how these two tasks are different. On 3/12/18 he billed 0.2 hours for "Go over the medical literature submitted by DOJ" despite the fact that his involvement in the case up to this point was minimal and largely supervisory in nature and that 0.2 hours is not enough time to perform any sort of meaningful review of the submitted literature that would add value to the case. A similar entry exists on 3/24/18.[5]

These issues are all minor when viewed in isolation considering they are individually only fractions of an hour. But in totality across a case in which work began early in 2014, the sum total is not unsubstantial. In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. *See Florence v. Sec'y of Health & Human Servs.*, No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing *Fox v. Vice*, 563 U.S. 826, 838 (2011). Therefore, to account for these issues, the undersigned shall reduce the final award of fees by **$4,000.00**.

Also requiring reduction is time spent by Mr. Cochran in traveling to meet with petitioner's expert witness Dr. Utz in California. The billing records indicate that Mr. Cochran billed a total of 24.4 hours on travel alone (at half his typical rate) on travel for what was, at most, a 3.8 hour in-person meeting with Dr. Utz (the billing records state that 3.8 hours were billed for "Prepare for and meet with Dr. Utz to prepare for trial", indicating that not all of that time was spent with Dr. Utz). Fees App. at 29. The McLaren firm has previously had attorneys' fees reduced for this issue. *See Reichert v. Sec'y of Health & Human Servs.*, No. 16-697V, 2018 WL 3989429, at *3 (Fed. Cl. Spec. Mstr. Jun. 20, 2018). No doubt cognizant of this, petitioner argues that the travel to Dr. Utz was reasonable "for several reasons. This was the first case in which Petitioner's counsel worked with Dr. Utz and it was helpful to meet with him in person before trial to build a rapport. More importantly, given the complexities of the medicine and science involved it was very beneficial to meet in person to prepare." Fees App. at 4.

Despite Petitioner's vague, conclusory defense of this trip, the undersigned finds the travel to be unreasonable. It is not readily apparent what transpired at this meeting that necessitated over 24 hours of travel to facilitate, or why a rapport could not have been built over the telephone or via video conferencing. Both Mr. Cochran and Dr. Utz have participated in numerous Vaccine

---

[5] These examples are merely illustrative of the types of issues noted and do not represent an exhaustive list of all such issues.

Program hearings prior to the instant case, and thus are eminently familiar with the process. Mr. Cochran's travel time alone accounts for $4,486.30 in fees, and as will be discussed later, $1,921.79 more in associated costs for a total of $6,408.09. This is an unreasonable amount of money to expend merely to facilitate a meeting that lasted less than half a working day. Accordingly, the undersigned shall not compensate Petitioner for any of the time spent traveling for this meeting, **$4,486.30**. Petitioner is therefore awarded final attorneys' fees of **$126,899.20**.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $68,942.12 in attorneys' costs. The majority of this amount ($57,851.00) is attributable to the work of Petitioner's expert, Dr. Paul Utz, with the remainder comprised of acquiring medical records, travel expenses, postage, the Court's filing fee, and payment for a transcript of the entitlement hearing.

The amount attributable to the work of Dr. Utz is reasonable - $500.00 per hour is reasonable for the work of an individual with Dr. Utz's credentials and prior Vaccine Program experience, and in light of the amount of work performed by Dr. Utz (three reports plus preparation for and participation in the entitlement hearing), the billed amount of hours is reasonable as well. However, minor reductions must be made to some of the travel costs incurred by Dr. Utz. First, Dr. Utz expended $140.00 for round trip limousine service between his house and the San Francisco airport. Fees App. at 129. The use of limousine/black car service has consistently been held to be excessive. *See Schoeberlein v. Sec'y of Health & Human Servs.*, No. 14-697V, 2018 WL 3991219, at *4 (Fed. Cl. Spec. Mstr. Jun. 22, 2018); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323, at *23 (Fed. Cl. Spec. Mstr. Nov. 2, 2016). The undersigned will reduce this amount by 50%, resulting in a **$70.00** reduction. Dr. Utz's airfare also raises concerns. The total amount ($1,404.40) appears high in the undersigned's experience, and petitioner did not submit a receipt documenting the cost or whether the high price was attributable to first-class airfare. The undersigned will therefore reduce this cost by 50% as well, resulting in a reduction of **$702.20**.

Finally, the undersigned finds it necessary to reduce the costs attributable to Mr. Cochran's trip to meet with Dr. Utz that was previously found to be unreasonable. These costs are comprised of airfare, hotel, food, and a rental car. The total reduction attributable to this trip is **$1,921.79**.

The remainder of the costs are reasonable in the undersigned's experience and have been supported with proper documentation. Petitioner is therefore entitled to final attorneys' costs of **$66,248.13**.

## II. Conclusion

Based on all the above, the undersigned finds that Petitioners are entitled to the following award of reasonable attorneys' fees and costs:

| Attorneys' Fees Requested | $135,398.80 |
| --- | --- |
| (Reduction to Fees) | - ($8,499.60) |
| **Total Attorneys' Fees Awarded** | **$126,899.20** |
| | |
| Attorneys' Costs Requested | $68,942.12 |
| (Reduction of Costs) | - ($2,693.99) |
| **Total Attorneys' Costs Awarded** | **$66,248.13** |
| | |
| **Total Attorneys' Fees and Costs** | **$193,147.33** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than the reductions noted above, is reasonable. **Accordingly, the undersigned awards the following:**

1) **A lump sum in the amount of $193,147.33, representing reimbursement for Petitioners' attorneys' fees and costs, in the form of a check payable to Petitioner and Petitioner's attorney, Mr. William Cochran, Jr.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[6] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).